Opinion of the Court.
Hornblower, C. J.
The counsel for the defendant in Error *371 very properly raised the preliminary question, whether a writ of error would lie in this ease; and we are all of opinion it will not. The objection to the writ of error is not, that the supposed judgment is so defectively and informally entered, as not to be the foundation of such a writ. If it was in the nature of a final judgment, and one upon which an execution might issue to the prejudice of the party, however defectively and inartificially drawn, we would remove it out of his way, upon a writ of error, as was done by the Supreme Court of the United States, in Wilson v. Daniel, 3 Dall. R. 401, 404. But the real objection is, that the finding of a jury upon a feigned issue, is not the subject matter for a writ of error. It is true, the clerk, of his own accord, or perhaps at the instance of the defendant’s attorney, supposing a writ of error to bo the appropriate remedy, has drawn up something in the shape of a judgment, and the court in obedience to our writ, has sent it up here for our inspection ; but it is a harmless thing : amere nullity ; which concludes nothing and upon which no execution can issue. The object of the feigned issue and the trial before a jury, was not to lay the foundation for a new judgment, or to create a new lien upon the property of the defendant. It was simply in the nature of an inquest, to assist the conscience of the court, in ascertaining how much remained due on the existing judgment j and what amount, if any thing, they ought to instruct the sheriff to raise on the execution. It was a question, the court might have decided for themselves, in a summary way, upon affidavits, or on the examination of witnesses i but at the instance of the parties, they thought proper to refer it to a jury. That information the court have obtained by she verdict of the jury ; and that verdict is under their control, and they may act upon it or not as they may think the law and justice of the case may require. If they think there was error in law or fact, they may set it aside, and direct a new trial, by a jury, or before themselves upon affidavits. And all this the court of Common Pleas can do, whether we reverse or affirm this supposed judgment. If the plaintiff in error has been injured, it has been by the decisions of the court and jury below; not by this paper which has been drawn up by his attorney or the clerk ; for if effect's nothing: it binds nobody. If we affirm it, the court below may disregard it; and if we reverse it, the court of Common *372 Pleas, may still order the sheriff to raise on the old judgment and execution/the sum found to be due by the jury. Again, if we entertain this writ of error, and give judgment, either of affirmance or reversal, how are we to carry our judgment into execution ? This writ brings here nothing but the feigned issue and the proceedings thereon: it does not bring up, or give us jurisdiction over the original judgment: the record of that, remains below. If then we affirm, we cannot control the former execution issued out of the Common Pleas ; and if we issue a new execution out of this court, on our judgment of affirmance, it leaves the old judgment and execution in full force. If on the other hand, we reverse the supposed judgment on the feigned issue, are we to send it down to the Circuit to - be tried over again ? We cannot remit the record to the Common Pleas; and if upon a trial at the Circuit, a different verdict should be found, what are we to do with it ? It is only necessary to propound these questions, in order to satisfy the counsel for the plaintiff in error, that they have mistaken his remedy. The case cited and relied upon from 1 Binn. R. 444, Vansant v. Boileau et al. has no application to this case. The decision of the court was based on the provisions of an act of the legislature of Pennsylvania, and the uniform practice under it. Nor can the case of Evans v. Adams, in this court, 3 Green R. 373; nor that of Clason v. Shotwell, 12 Johns. R. 31, have any influence on the question now before us. In those cases, the proceedings appealed from were final and conclusive between the parties, and the action of the appellate court, superseded and controlled the proceedings of the court below.
It was suggested in the course of the argument, that the proceedings on the feigned issue, might have been brought into this court, and reviewed upon a writ of Certiorari. But upon reflection, I do not see what useful purpose could have been answered by such a proceeding. The original judgment would still have remained in the court below; and whatever our decision might have been as to the manner in which the trial was conducted, that court could alone control the execution on the original judgment. If we had set aside the verdict on the feigned issue, we could not have settled the.amount due on the judgment; nor could we in any way have directed or controlled the action of the Common Pleas, in relation to it.
*373 This view of the subject, renders it unnecessary to examine the bills of exceptions. They were no doubt taken under a misapprehension of the nature of the proceedings, and of the remedy for errors committed on the trial. Nevertheless if we were compelled to look into the exceptions taken, we could not fail to discover errors in the progress of the trial. Instead of confining the inquiry to what had been paid on the judgment; or how much remained due, of the original debt for which the judgment had been entered, the court admitted evidence of debts due the plaintiff, prior to the date of the judgment, and of new liabilities incurred by the defendant, long after the judgment had been entered. It is obvious to remark, that the effect of such inquiries, was to make the judgment operate as a security, and become a lien upon the defendant’s lands, for debts not embraced in the judgment, and for liabilities incurred after it had been entered. Whereas, according to my apprehension, a judgment constituting a lien upon real estate, cannot he kept alive by parol agreement, or be converted into a security for subsequently accruing debts, but these are proper matters for the consideration of the court of Common Pleas, upon a motion for a new trial, or to set aside the'inquest. The writ of error cannot be sustained and must be dismissed with costs.

Writ dismissed.